**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.07-cv-01774-REB-BNB

ERIC WALK,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,

    Defendant.

**TRIAL PREPARATION CONFERENCE ORDER**

**Blackburn, J.**

    Pursuant to D.C.COLO.LCivR 43.1, and REB Civ. Practice Standard IV.A.1., the court enters this **Trial Preparation Conference Order**.

    **IT IS ORDERED** as follows:

    1. That trial by jury shall commence **November 17, 2008**, at 10:30 a.m., in courtroom A701, located on the 7th Floor North, of the Alfred A. Arraj, United States Courthouse, 901 19th Street, Denver, Colorado;

    2. That the court reserves four (4) days for trial;

    3. That counsel and any *pro se* party shall appear in courtroom A701 on the first day of trial at 10:00 a.m., to review the **Trial Checklist** with the courtroom deputy clerk;

    4. That the **Trial Preparation Conference** required by REB Civ. Practice Standard IV.A.1., shall commence on **October 31, 2008**, at 9:00 a.m., in courtroom A701;

5. That lead counsel and any *pro se* party shall attend the Trial Preparation Conference;

6. That at the outset of the Trial Preparation conference, each party shall submit a Parties' Joint Exhibit List on the form required by the court and shall submit on the Witness List form required by the court (an original for the court with copies to all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

7. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

    a. stipulated and proposed jury instructions and verdict forms;

    b. *voir dire* questions;

    c. the jury selection process, including peremptory challenges and the use of juror questionnaires;

    d. identification of all persons permitted to be seated at each party's table;

    e. the pronunciation of problematic party's and witness' names;

    f. the names or monikers that may be used when referring to a party or a witness;

    g. identification of "will call" and "may call" witnesses;

    h. use of deposition testimony:

      1. designation of specific testimony by page and line; and

      2. identification of the person selected to read deposition answers;

   i. use of video depositions:

      1. resolution of objections;

      2. pretrial redaction, if necessary; and

      3. arrangements for necessary equipment to broadcast the deposition;

   j. the allocation of trial time between the parties;

   k. the admission of stipulated exhibits or exhibits about which there are no objections;

   l. the use of juror trial exhibit notebooks and the timing of the distribution of such notebooks;

   m. timing of publication, if any, of trial exhibits to the jury;

   n. anticipated evidentiary issues;

   o. the necessity for cautionary or limiting instructions; and

   p. requests or requirement for trial briefs;

8. That each side shall be permitted voir dire examination not to exceed 15 minutes following voir dire examination by the court, but shall not reiterate questions previously propounded by the court or another party;

9. That pending further court order, the jurors shall not be sequestered before deliberations;

10. That trial witnesses subject to sequestration under F.R.E. 615 shall be

sequestered by order entered *sua sponte* immediately before opening statements;

      11. That opening statements shall be limited to **thirty (30)** minutes per party;

      12. That the court will not engage in the examination of any witness, except to eschew plain error;

      13. That pursuant to REB Civ. Practice Standard III.D.4., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

      14. That objections made in the presence or hearing of the jury, i.e., so-called "speaking" objections, shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, neither counsel nor a pro se party shall speechify an objection in the presence or hearing of the jury [Review F.R.E. 103(c) and 104(c)];

      15. That in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

      16. That consistent with F.R.E. 103(a)(2), once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a request that the court note a standing or continuing objection to that same evidence will not be granted;

      17. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk at the conclusion of a trial day about any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day about any issue which should be

considered at the conclusion of that trial day;

18. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms consistent with REB Civ. Practice Standard IV.E.4., the plaintiff shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. P-1, P-2, P-3, etc., and the defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. D-1, D-2, D-3, etc.; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

19. That closing argument shall be limited to forty-five **(45)** minutes total for each party; and

20. That pursuant to REB Civ. Practice Standard IV.A.1., the Final Pretrial Order as modified or supplemented by this Trial Preparation Conference Order and any order entered during the trial preparation conference shall control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval of the court or by order of the court to prevent manifest injustice.

Dated October 11, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**